No. 9606.

GAFNER *v.* NELSON.

PLEADING—*General Denial,* puts in issue the material averments of the complaint, and admits evidence of any fact which tends to negative these averments. Defendant had agreed in writing to sell to plaintiff for delivery at a future day named, certain horned cattle, agreeing the meantime to sufficiently feed and water them. When the cattle were tendered on the appointed

day plaintiff refused to receive them, on the grounds that they were in such starved, weakened and poor condition as to make them valueless. Plaintiff, suing to recover advances made, averred this condition of the cattle at the time of the tender, and that this was due solely to lack of food and water. *Held* that under general denial evidence that plaintiff shortly before the tender of the cattle had dehorned them, and that their defective condition was due to this operation and a subsequent severe storm, to which they were exposed, was admissible.

*Error to Weld District Court, Hon. George H. Bradfield, Judge.*

Mr. WILLIAM R. KELLY, for plaintiff in error.

Mr. JAMES W. GAULT, for defendant in error.

Mr. Justice Bailey delivered the opinion of the court.

SUIT was by Nelson against Gafner to recover damages for breach of contract for the alleged failure of the latter to properly feed and water certain stock according to the terms of a contract between the parties involving the purchase and sale thereof. Nelson had judgment, and Gafner brings it here for review.

The contract follows:

"This contract made and entered into this 19th day of February, A. D. 1918, by and between E. J. Gafner of Ault, Colorado, and A. M. Nelson of Potter, Nebraska, as follows, to-wit:

"For and in consideration of One Thousand Dollars as partial payment in hand on signing this agreement, the said E. J. Gafner hereby agrees to sell and deliver to the said A. M. Nelson at the Ault, Colorado, stockyards, three hundred twenty-five (325) to three hundred fifty (350) calves, heifers and steers mixed, same stock that he now has on hand, near Ault, Colorado. The full purchase price shall be on delivery Forty Dollars ($40.00) per head. The said E. J. Gafner agrees to feed said calves all the good alfalfa hay that they will eat and clean up twice each day, not

any hay to be wasted, calves are to have plenty of good clean water every day.

"Delivery of said calves to be made by the said E. J. Gafner to the said A. M. Nelson on or about the Eighth (8th) day of April, 1918, on signing this agreement as above stated, Five Hundred Dollars on March 17th, 1918, the balance of purchase price to be paid on delivery of calves and accepted by the said Nelson.

"It is further agreed that if the said Nelson does not accept said calves on the 8th day of April, 1918, the said A. M. Nelson agrees to pay the said E. J. Gafner for all hay consumed by calves after that date.

"It is further agreed that time is the essence of this contract, and in case that the said Nelson does not fulfill his part of this contract, that the said Gafner may retain possession of all money paid by Nelson as liquidated damages.

"In witness whereof the parties hereto above mentioned have set their hands and seals this day and date above mentioned."

The complaint alleges in substance that on April 8th the defendant offered to deliver to plaintiff the stock in question, but plaintiff on inspection of the animals found them in such a starved, weakened and poor condition as to make them wholly valueless to him.

"That such condition was due solely to the fact that defendant failed to perform the conditions of the written agreement. * * *" "He, the defendant, failed and neglected to feed the said cattle all the good alfalfa hay that they would eat and clean up twice each day and to give them plenty of good, clean water every day, and plaintiff alleges that by reason of said neglect and failure said cattle became poor, scrawny and in a weakened condition, as they would not have been had the defendant complied with the terms of his contract by feeding and watering them."

For such reasons the plaintiff refused to accept the cattle offered for delivery by the defendant on the 8th day of April, 1918, and claimed he was damaged in the sum of

$1,500.00 paid down, plus $2,800.00 in depreciation of the market value of the stock by reason of the alleged violations by defendant of the conditions of the contract.

The defendant offered to prove that the bad appearing condition of the cattle at the time of delivery was caused by dehorning, followed by a severe snow storm. The offer was refused, and the testimony relative thereto was stricken by the court.

It appears that the excluded evidence tended to establish that between March 25th and April 1st, plaintiff himself dehorned the cattle, and that about April 5th he directed defendant to bring the cattle to Ault, for shipment April 8th. On April 1st he advertised an auction sale of the cattle at Cheyenne, Wyoming, and ordered cars to be ready to ship them on April 6th. He testified that when he dehorned the cattle he intended to receive and pay for them. It also appears that a heavy snow and sleet storm set in about April 2nd, which lasted about three or four days, and the cattle were exposed to this storm.

By instruction number 8, to which objection was made, the jury was directed that evidence of damage to the cattle, resulting by reason of the dehorning of them by plaintiff, is excluded, and the jury directed to disregard such evidence in reaching a verdict.

It is argued by defendant that evidence to show that the apparent weakened condition of the cattle was due to the dehorning and subsequent exposure, was competent under his general denial, and to exclude it was prejudicial error.

The reason assigned by the court for the exclusion of this evidence was that it tended to show that the condition was due to the dehorning, which was an affirmative defense, not pleaded, and therefore inadmissible.

The issue was as to the condition of the cattle at the date of the proposed delivery, and the reason for that condition. The plaintiff alleges affirmatively that such condition was due solely to lack of proper food and water. Defendant denies this, and the evidence excluded was offered

to contradict the claim that such condition was "due solely to insufficient feeding."

The rule is well established that under a general denial other causes which may have produced the same effects are admissible. The rule is stated in 13 C. J. 736, as follows:

"Although under the requirements of the code practice new matter must be pleaded, and consequently the defense of payment, release, accord and satisfaction, arbitration, and many other entire and partial defenses which, while they do not deny the cause of action stated in the complaint or petition, yet seek to avoid or bar it, and which were formerly available under the general issue, must now be set up in the answer before evidence in their support can be received, yet under a general or special denial of any part of the complaint or petition which plaintiff is required to prove in order to maintain his action, defendant, on principle and authority, is at all times at liberty to prove anything tending to show that plaintiff's allegations are untrue. And he may introduce evidence to disprove, wholly or in part, any fact which plaintiff must establish to show a cause of action."

It is manifest, under the authorities, that the evidence offered by defendant is not in the nature of a confession and avoidance. It is simply matter tending to negative, disprove and overcome the essential fact upon which plaintiff relies, namely, that the condition of the cattle was the result solely of the neglect of the defendant to properly care for them.

In *Sylvis v. Sylvis*, 11 Colo. 319, 17 Pac. 912, this court at page 330, speaking to the question as to what is new matter, said:

"What is new matter, and why it may be said to be new matter, is well stated in Pomeroy's Remedies, section 691, from which we quote: 'The general denial puts in issue all the material averments of the complaint or petition, and permits the defendant to prove any and all facts which tend

to negative those averments, or some one or more of them.' "

In *Outcalt v. Johnson*, 9 Colo. App. 519, the court, in discussing the admissibility of evidence under a general denial, at page 523, said:

"Defendant alleged in his cross complaint that plaintiff was indebted to him for work and labor done and money expended by him in the making of certain improvements upon plaintiff's land. The replication was a general denial, which, of course, put in issue, among other things, the alleged facts that defendant had made these improvements. This was a material allegation, and we know of no manner by which it could have been more successfully or conclusively controverted than by showing that the improvements were placed there by other persons. It was not new matter, and the testimony complained of was relevant to the issue and competent."

It is plain that the evidence offered to prove that the dehorning, and not lack of care, was admissible, under the general denial, to establish the reason for the appearance of the stock. It is not a separate defense, nor new matter in the nature of confession and avoidance, but tended to establish another cause for the apparent bad condition of the stock, of which complaint was made, that being the gist of the action, than those relied upon by plaintiff.

The judgment is reversed and the cause remanded for a new trial not inconsistent with the views herein expressed.

Judgment reversed on application for supersedeas. Mr. Chief Justice Garrigues and Mr. Justice Allen concur.